UNITED STATES of America,
Appellee–Cross-Appellant,

v.

Alex KORMAN; Arthur Vetrano,
Defendants,

Nicholas Musto, Defendant–Appellant–
Cross–Appellee.

Docket No. 02–1466.

United States Court of Appeals,
Second Circuit.

Sept. 15, 2003.

William J. Stampur, Hurwitz, Stampur
& Roth, New York, N.Y., for Appellant.

Michael S. Kim, Assistant United States
Attorney, (James B. Comey, United States
Attorney for the Southern District of New
York, Lawrence Gerschwer, Robin L. Bak-
er, Assistant United States Attorneys, on
the brief), New York, N.Y., for Appellee.

PRESENT: WALKER, Chief Judge,
OAKES, and WINTER, Circuit Judges.

## SUMMARY ORDER

Appellant Nicholas Musto appeals from
a judgment of conviction entered on Au-
gust 14, 2002, following a four-day jury
trial. Musto was found guilty of partici-
pating in two schemes to defraud an in-
vestment bank, Dean Witter, Reynolds,
Inc. ("Dean Witter") and to launder the
proceeds of the fraud. In this summary
order we consider appellant Musto's chal-
lenges to his conviction; the government's
cross-appeal is addressed in a published
opinion.

On appeal, Musto argues that his conviction should be overturned because (1) the evidence was not sufficient to establish that Musto participated in the first conspiracy to defraud Dean Witter; (2) the district court erred by denying Musto's request for a jury instruction on multiple conspiracies; and (3) Musto was prejudiced by the spillover of evidence of the larger conspiracy. None of these arguments have merit.

■ We review a claim of insufficient evidence *de novo*. *United States v. Reyes,* 302 F.3d 48, 52 (2d Cir.2002). A jury verdict must be upheld if "any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Autuori,* 212 F.3d 105, 114 (2d Cir.2000) (internal quotations omitted). The jury verdict was supported by Ferrara's testimony that Musto suggested and organized the first conspiracy and that Musto was paid twenty percent of the fraud proceeds. Because this testimony provides sufficient evidence to support the jury verdict, we need not consider the additional circumstantial evidence. We thus reject Musto's insufficient evidence challenge.

■ In order to succeed on his claim that the district court erred by not instructing the jury on multiple conspiracies, Musto must show that "there was evidence of separate networks operating independently of each other and that he suffered substantial prejudice resulting from the failure to give the requested charge." *United States v. Cusimano,* 123 F.3d 83, 89 (2d Cir.1997) (internal quotations omitted). In this case, there was no evidence of independent conspiracy networks. Thus, regardless of whether the district court in fact erred—we think that it did not—Musto's challenge could not succeed.

Finally, Musto's claim that he was prejudiced by the spillover of evidence from the "larger" conspiracy also fails. Because we uphold the jury verdict finding that Musto was involved in both the "larger" five-person conspiracy and the subsequent two-person conspiracy, there could not be any prejudicial spillover.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**